IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3081-FL

| | | |
|---|---|---|
| ROBERT BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENNIS DANIELS, R. WATSON, | ) | |
| WILLIAM GOODMAN, GEORGE | ) | |
| SOLOMON, and DAVID GUICE, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on defendants' motion to dismiss (DE 26) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion to dismiss.

**STATEMENT OF THE CASE**

On March 30, 2016, plaintiff, a state prisoner, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983. On November 21, 2016, the court directed plaintiff to particularize his complaint, which he filed on December 12, 2016. In his particularized amended complaint, plaintiff named Dennis Daniels ("Daniels"), R. Watson ("Watson"), William Goodman ("Goodman"), Miles Guice ("Guice") and George Solomon ("Solomon") as defendants to the action. In his complaint, plaintiff made allegations that defendants have violated his right to access of court by not providing a law library or funding a legal assistance program.

On May 10, 2017, defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on the basis that: plaintiff fails to state a constitutional violation for access to courts; plaintiff fails to state a claim of supervisory liability; and defendants are entitled

to qualified immunity and Eleventh Amendment immunity. On May 25, 2017, plaintiff responded in opposition to defendants' instant motion and added an additional claim involving his legal mail against defendants.[1] On June 6, 2017, defendants replied to plaintiff's response arguing that plaintiff has also failed to state a claim concerning his legal mail.

## STATEMENT OF THE FACTS

Except as where otherwise identified below, the facts viewed in the light most favorable to plaintiff may be summarized as follows. Plaintiff is in custody of the North Carolina Department of Public Safety ("NCDPS"). (See Am. Compl. 2). From around September 2014, to December 2016, plaintiff was housed at Maury Correctional Institution ("Maury"). (See id. 5, 10). While at Maury, plaintiff contacted North Carolina Prisoner Legal Services ("NCPLS") to assist him with a potential legal claim. (See id.). Plaintiff wished to bring a claim of deliberate indifference against a certain Dr. Kalinski, however he was informed by NCPLS that it was no longer in contract with NCDPS and they could not represent him on his case. (See id.). NCPLS also informed plaintiff that Indigent Prisoners Fund was now in contract with NCDPS. (See id.).

Subsequently, plaintiff pursued two legal actions without guidance from NCPLS: a civil action in the Western District of North Carolina, No. 13-CV-175-1-FDW ("13-CV-175"),[2] and a civil action in the Eastern District of North Carolina, No. 15-CT-3088-FL ("15-CT-3088").[3] (See

---

[1] The court accepts plaintiff's additional claims involving his legal mail, provided by plaintiff's reply to defendants' instant motion to dismiss, as part of his amended complaint. Plaintiff's amended claims are incorporated in their entirety to the statement of facts below.

[2] See Ballard v. NC Dep't of Pub. Safety, No. 5:13-CV-175-FDW, 2015 WL 5062214, at *1 (W.D.N.C. Aug. 27, 2015), aff'd sub nom. Ballard v. Kalinski, 624 F. App'x 133 (4th Cir. 2015).

[3] See Ballard v. Andrews, No. 5:15-CT-3088-FL, 2017 WL 3725606, at *1 (E.D.N.C. Aug. 29, 2017). Plaintiff also has pursued an additional case in this district. See Ballard v. Daniels, No. 5:16-CT-3012-BO, 2017 WL 1283670, at *1 (E.D.N.C. Jan. 13, 2017), report and recommendation adopted, No. 5:16-CT-3012-BO, 2017 WL 945850 (E.D.N.C. Mar. 10, 2017).

id.). Plaintiff was not provided access to a law library or represented by NCPLS in either action. (See id. 5– 6). In 13-CV-175, the court granted defendants' motion for summary judgment. (See id. 5). Plaintiff alleges he lost this case because he was unable to obtain needed medical records to establish that there was a genuine dispute of material fact to preclude summary judgment. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 8 at p. 3). To conduct legal research to support his claims, plaintiff used a law book from 2009 authored by the Southern Poverty Law Center. (See id. ¶ 2 at p. 2). Further, plaintiff alleges that he "can not do law research on any cases that plaintiff has pending in this court and in the N.C. Industrial Commission." (See id. ¶ 12 at p. 5).

Additionally, while at Maury, plaintiff experienced complications concerning his legal mail. Specifically, plaintiff alleges his legal mail was withheld from him on two occasions. (See id. ¶ 17 at p. 7). On the first occasion, plaintiff alleges missed a deadline, and on the second occasion, plaintiff alleges failed to receive a notice from the N.C. Industrial Commission informing him of a hearing date. (See id.). Plaintiff alleges both pieces of mail were delivered and opened by staff at Maury. (See id.). Further, plaintiff lost his legal files, a box of records and legal paperwork, when he was transferred from Maury to Scotland Correctional Institution ("Scotland"). (See id. ¶ 17 at p. 8). Plaintiff believes prison officials at Scotland threw away his legal files. (See id.).

Plaintiff raises allegations against prison officials at Maury. Specifically, plaintiff alleges he wrote a letter to defendant Watson, a supervisory official at Maury, complaining about his lack of legal resources. (See id. ¶ 9 at p. 4). Defendant Watson's response to plaintiff was that NCPLS would assist him. (See id. ¶ 1 at p. 1). Similarly, plaintiff wrote a number of letters to defendant Daniels, another supervisor at Maury, informing him of issues with law library resources. (See id.). Daniels' response was the same as defendant Watson's – that NCPLS would assist plaintiff. (See

3

id.). In response to their statements that NCPLS would assist him, plaintiff showed both defendants Daniels and Watson a letter from NCPLS which stated, NCPLS "will not handle any civil cases from prison considering any constitutional violations because they do not have fund to do so." (Id. ¶ 2 at p. 1). Plaintiff also filed an administrative grievance complaining about his lack of legal resources to defendant Goodman, a supervisor at Maury. (See id.; see also Am. Compl. 5). Further, defendants Solomon and Guice are responsible for supervising all NCDPS prisons, and plaintiff alleges that they knew NCPLS was no longer assisting prisoners. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 9 at 4).

Additionally, plaintiff sent two letters to defendant Daniels concerning the withholding of his legal mail. (See id. ¶ 17 at 7). In response to plaintiff's letter, plaintiff alleges that defendant Daniels did not do anything to assist plaintiff. (See id. ¶ 17 at p. 7).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

4

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).[4]

B.      Analysis

   1.      Supervisory Liability

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a § 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). A supervisor may be held responsible for a subordinate's unconstitutional act only if the supervisor was involved personally or participated in the unconstitutional act. See, e.g., Iqbal, 556 U.S. at 676–77.

Thus, a plaintiff must plausibly allege that (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor responded so inadequately "as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an

---

[4] Defendants state that they filed the instant motion pursuant to Rules 12(b)(1), (6), (Def.s' Mot. Dismiss. (DE 26) 1), however, defendants do not mention Rule 12(b)(1) in their brief. (See Am. Mem. Supp. Mot. Dismiss (DE 29)4–5). Accordingly, the court analyzes the instant motion solely under Rule 12(b)(6).

affirmative causal link between the supervisor's inaction" and the plaintiff's alleged constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted).

It appears that plaintiff seeks to hold defendants Solomon and Guice liable based upon a theory of supervisor liability. Plaintiff fails, however, to allege any facts to connect these defendants to the alleged failure to provide access to courts, particularly regarding the element of their knowlege that any subordinate was inflicting constitutional injury on plaintiff. Thus, plaintiff fails to state a claim against defendants Solomon and Guice.

    2.    Individual liability

Defendants Watson, Daniels, and Goodman assert qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first examines plaintiff's claims in turn to determine whether plaintiff establishes a constitutional violation.

    a.    NCPLS Claim Against Defendants Watson and Daniels

Plaintiff contends defendants Watson and Daniels denied him access to courts because he was not provided a law library or legal help under NCPLS. Prisoners have a constitutional right to reasonable access to state and federal courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995). To

state a claim for denial of access to the courts, the prisoner must show that the defendant's conduct caused the prisoner actual injury. See Lewis, 518 U.S. at 351–57; Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The actual injury requirement mandates that the prisoner "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 351, 353 (footnote omitted). Actual injury is shown by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered [a prisoner's] efforts to pursue a legal claim." Michau, 434 F.3d at 728 (citing Lewis, 518 U.S. at 351). The ability to litigate effectively is not actual injury. See Lewis, 518 U.S. at 354.

Prisons ensure an individual's constitutional right of access to the courts by providing either access to a law library or a legal assistance program. See Lewis, 518 U.S. at 351–52. The Fourth Circuit held in Fowler v. Lee, 18 F. App'x. 164, 166 (4th Cir. 2001), that the State of North Carolina's legal assistance program for prisoners, NCPLS, satisfies this right because it provides assistance to prisoners by persons trained in the law. In this case, unlike Fowler, plaintiff contends NCPLS declined to represent or assist him based upon funding. (See Am. Compl. 5). Further, plaintiff alleges defendants Watson and Daniels knew about NCPLS's refusal to represent prison plaintiffs because plaintiff sent them multiple letters complaining about the issue. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 1 at p. 1). Thus, plaintiff has alleged that both defendants Daniels and Watson denied his access to a legal library, and the court proceeds to analyze whether plaintiff has alleged sufficient facts to assert a claim of actual injury.

Plaintiff claims actual injury on two grounds. First, plaintiff claims injury "because plaintiff can not do law research on any cases that plaintiff has pending in this court and in the N.C. Industrial Commission." (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 12 at p. 5). However, plaintiff

7

fails to make any factual allegations demonstrating how these actions have been hindered, frustrated, or impeded because of his inability to conduct legal research. See Cochran, 73 F.3d at 1317; Lewis, 518 U.S. at 351, 353. Thus, plaintiff fails to state a claim on this ground.

Second, plaintiff alleges he lost two civil actions, 13-CV-175 and 15-CT-3088, because he was unable to conduct legal research. (See Am. Compl. 5– 6). Plaintiff alleges with better research, or access to specific medical records in his cases, defendants' motions for summary judgment would not have been granted. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 8 at p. 3). Plaintiff's allegations do not establish actual injury because the inability to litigate effectively does not demonstrate actual harm. See Lewis, 518 U.S. at 354. Therefore, plaintiff fails to state against defendants Watson and Daniels, and they are entitled to qualified immunity on this ground.

Additionally, plaintiff seeks to hold defendant Goodman liable for failing to adequately respond to his administrative grievance regarding lack of legal resources. Where plaintiff has not alleged injury due to deprivation of legal resources, his claim against defendant Goodman for failure to respond to grievances based thereon also must fail. In addition, defendant Goodman's failure to respond to a grievance does not provide a basis upon which plaintiff may state a claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); McClain v. N. Carolina Dep't of Pub. Safety, No. 5:16-CT-3009-FL, 2016 WL 5854222, at *5 (E.D.N.C. Oct. 6, 2016). Thus, plaintiff fails to state a claim against defendant Goodman.

      b.    Legal Mail Claim Against Defendant Daniels

Plaintiff contends defendant Daniels denied him access to courts by withholding his legal mail. Plaintiff also alleges he sent two letters to defendant Daniels regarding the interruptions in his legal mail, but did not receive any help.(See id. ¶ 17 p. 7). Prisoners have a right to reasonable

8

access to state and federal courts and to communicate with attorneys. See, e.g., Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). Here too, plaintiff must show actual injury or that defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau, 434 F.3d at 728; Cochran, 73 F.3d at 1317. Isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

Plaintiff's legal mail was allegedly withheld from him on two occasions. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 17 at 7). On the first occasion, plaintiff alleges he missed a deadline because of his mail, and on the second occasion, he alleges he did not receive a notice of a hearing date. (See id.). However, plaintiff fails to make any allegations connecting these incidents to actual injury. See Lewis, 518 U.S. at 351–57.[5] Thus, plaintiff fails to state a claim against defendant Daniels, and defendant Daniels is entitled to qualified immunity on this ground.

## CONCLUSION

In sum, based upon the forgoing, defendants' motion to dismiss (DE 26) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close the case.

SO ORDERED, this the 28th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge

---

[5] In addition, plaintiff fails to allege any facts connecting any defendants, including defendant Daniels, to the loss of his legal materials when he transferred prisons. (See Pl.'s Reply Mot. Dismiss (DE 32) ¶ 17 at p.8). Therefore, plaintiff fails to state a claim on this ground.

9